IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-451-FL

| | | |
|---|---|---|
| MARLENE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 18, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, and denies defendant's motion, remanding this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the reasons set forth below.

**BACKGROUND**

In October 2013, plaintiff filed application for period of disability and disability insurance benefits, alleging disability beginning September 20, 2013. The application was denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a May 25, 2016, hearing, denied plaintiff's claims by decision entered August 16, 2016. Following the ALJ's denial of her application, plaintiff timely filed a request for review,

and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on September 6, 2017, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of September 20, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus, essential hypertension, obesity, and neuropathy.[1] At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level with the following limitations: Lift/carry 20 pounds occasionally and 10 pounds frequently, push/pull as much as can carry, and sit for six hours in an eight-hour workday, stand and/or walk for
six hours in an eight-hour workday and change positions every hour.

At step four, the ALJ concluded plaintiff is able to perform past relevant work as a special needs teacher assistant, and in considering plaintiff's age, education, work experience, and RFC, determined there are other jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

Regardless of the source, the ALJ must evaluate every medical opinion received. 20 C.F.R. §§ 404.1527(c); 416.927(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. Id. §§ 404.1527(c)(1),

---

[1] Additionally, at step two, the ALJ found plaintiff's depressive disorder not severe.

416.927(c)(1). "Without . . . specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191.

On February 17, 2016, plaintiff sought mental health care treatment at Turning Point Family Care and was diagnosed with major depressive disorder. (DE 14 at 608). On June 21, 2016, also at Turning Point Family Care, mental health nurse practitioner Audrey Wisner ("Wisner") noted that she had seen plaintiff three times, beginning March 2016. Wisner opined that plaintiff had diagnoses of major depression that was "recurring and severe," insomnia, and anxiety, and her prognosis was fair due to chronic health problems, which contributed to her depression. (Id. at 591). She noted symptoms of loss of interest, decreased energy, difficulty concentrating, anxiety, and mood and sleep disturbances. Wisner then opined plaintiff has marked limitations in activities of daily living and social functioning, as well as extreme limitations in maintaining concentration, persistence or pace, and that plaintiff's impairments lasted or can be expected to last at least twelve months. (Id. at 591-93, 595). Wisner also noted plaintiff would be unable to engage in work activity on a full-time basis. (Id. at 597).

As noted by the ALJ, the above records were submitted by plaintiff to the ALJ following her hearing before the ALJ. (DE 13 at 17 (Post-hearing, the claimant, by and through her representative, submitted additional evidence (Exhibits 19F" and 20F). This evidence has been reviewed and made a part of the record." )). However, the ALJ makes no further mention of Wisner's opinion.

Regarding plaintiff's major depressive disorder, the ALJ found plaintiff's impairment to not be severe at step two where "the medical evidence reveals that the claimant's major depressive disorder has resulted in no restrictions in activities of daily living, no difficulties in maintaining

5

social functioning, no deficiencies of concentration, persistence or pace and no episodes of decompensation." (Id. at 19). Thereafter, the ALJ addressed this impairment as follows:

> With regard to depression and anxiety with insomnia the claimant testified that she started counseling at Turning Point about three or four months ago . . . . [prior] Treatment records show a Depression Screening performed on March 17, 2015 indicated when the claimant was asked if she felt down, depressed or helpless with anhedonia symptoms and the claimant responded, "Not at all." Additionally, an Anxiety Screening on the same day indicate the claimant was asked if she felt nervous, anxious or on edge, and unable to stop or control worrying, the claimant responded, "Not at all" (Exhibit 15F). The undersigned finds the claimant was diagnosed with depression and anxiety less than 12-months ago (Exhibit 20F). To be considered a severe impairment, it must last or be expected to last at a "severe" level for a continuous period of 12 months or be expected to result in death (20 CFR 404.1509).

(Id. at 23-24).

Notwithstanding the above, the ALJ then stated, regarding the weight of the opinion evidence as to plaintiff's depressive disorder, as follows:

> The undersigned considered the opinions of Steven Salmony, Ph.D and James G. Brown, Ph.D. that there was no medically determinable impairment of depression (Exhibits 1A and 3A). Although the opinions were consistent with the record before them, evidence added to the record since then shows that the claimant has recently been diagnosed with depression, although it is non-severe (Exhibit 20F). The undersigned therefore accords no weight to these opinions.

(Id. at 24).

Plaintiff argues that the ALJ erred in failing to evaluate the opinion evidence from Wisner and in failing to include any mental limitations in the RFC finding. Plaintiff objects to the magistrate judge's conclusion that although the ALJ erred by not weighing Wisner's statement, such error is harmless where it would not change the outcome of the disability determination. (See DE

6

22 at 11).[2] The court agrees with the magistrate judge that the ALJ erred in failing to evaluate Wisner's opinion; however, the court departs from the recommendation of the magistrate judge, holding this error is not harmless.

Social Security Ruling 06–03p provides that "acceptable medical sources" include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists—but not certified physician assistants or licensed clinical social workers. 2006 WL 2329939 at *2 (2006).[3] These types of health care providers are considered "other sources." Id. The ruling explains that

> The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. Second, only "acceptable medical sources" can give us medical opinions. Third, only "acceptable medical sources" can be considered treating sources,' as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight.

Id. (citations omitted). However, the ruling also recognizes that

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

---

[2] More specifically, the magistrate judge stated the result of the disability determination would not change, even if the ALJ had specifically weighed the Winser opinion, "because plaintiff's mental conditions failed to meet the durational requirement, coupled with the fact that the Winser's statement support the Commissioner's step five finding." (DE 22 at 13).

[3] SRR 06–03p was rescinded effective March 27, 2017. For claims filed after March 27, 2017, "the final rules state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 FR 15263-01.

7

Id. at *3. "[W]hen such opinions may have an effect on the outcome of the case," the ALJ "should explain the weight given to [the] opinion[ ] . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." Id. at *6.

In Tanner v. Commissioner of Social Sec., 602 Fed.Appx. 95, 100 (4th Cir. 2015) (per curiam), the Fourth Circuit found the ALJ's failure to expressly assign weight to a medical source's opinion to be harmless error because it was "clear from the ALJ's RFC assessment that he accepted most of" the physician's findings. The court stated "reversing the ALJ's decision solely because he failed to assign weight" to the physician's opinion "would be pointless" because the RFC assessment and the physician's opinion were "largely consistent" and it was "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability." Id. at 101.

Here, like in Tanner, the ALJ neither explained the weight to be given to Wisner's opinion nor discussed Wisner's opinion. However, the ALJ's RFC assessment finding no mental limitations and Winser's opinions are wholly inconsistent, where Winser opined plaintiff has marked limitations in activities of daily living and social functioning, as well as extreme limitations in maintaining concentration, persistence or pace. (DE 14 at 593). Regarding plaintiff's depressive disorder, the ALJ stated only that this impairment 1) resulted in no restrictions in activities of daily living and was thus not severe and 2) may have failed to meet the durational requirements, again both inconsistent with the Wisner opinion. (See DE 13 at 19, 23-24).[4]

---

[4] Regarding the durational requirement, the ALJ indicated that plaintiff failed to establish that her mental impairments met the durational requirement. (See DE 13 at 23-24 ("The undersigned finds the claimant was diagnosed with depression and anxiety less than 12-months ago (Exhibit 20F). To be considered a severe impairment, it must last or be expected to last at a 'severe' level for a continuous period of 12 months or be expected to result in death (20 CFR

8

Regarding the weight of the opinion evidence as to plaintiff's depressive disorder, the ALJ assigned no weight to opinions stating plaintiff had no medically determinable impairment of depression due to her diagnosis of depression from Turning Point Family Care, but then, without explanation, determined the depression to not be severe inconsistent with the opinion provided by Winser, also as Turning Point Family Care. (DE 13 at 24; see also DE 14 at 591 (Wisner opining plaintiff had diagnoses of major depression that was "recurring and severe")). Thus, while the "ALJ noted other evidence that is admittedly pertinent to [her] conclusions," she did not address such "conflicting evidence, or explain away [such] contrary findings" in a manner that permits meaningful judicial review. Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 (4th Cir. 2017); see Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (noting "[t]he courts face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence," and "[u]nless the Secretary has analyzed all evidence and has sufficiently explained the weight [she] has given to obviously probative exhibits," meaningful judicial review is not possible).

This case stands in contrast to other cases, including Tanner, where the Fourth Circuit found harmless error. See Tanner, 602 Fed.Appx. at 100–01 (finding harmless error where it is "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability"); Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) ("Reid has failed to point to any specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim."); Mickles v. Shalala,

---

404.1509)."). However, the period of time relevant to this disability determination is from September 20, 2013 through December 31, 2017, and Winser offered her opinion on June 21, 2016, that plaintiff's impairments lasted or can be expected to last at least twelve months. (DE 14 at 595).

9

29 F.3d 918, 921 (4th Cir. 1994) (affirming the ALJ's decision because the ALJ cited "many additional reasons . . . for finding [the claimant's] testimony not credible . . . [and] because there is no question but that he would have reached the same result notwithstanding his initial error."). Proper analysis of Winser's opinion and plaintiff's depressive disorder could reasonably be expected to have produced a different outcome in plaintiff's RFC determination and, potentially, the ultimate issue of disability.

The ALJ failed to discuss or acknowledge in any way the medical opinion provided by Winser. In doing so, the ALJ has failed to build an "accurate and logical bridge from the evidence to [her] conclusion" that plaintiff has no mental deficits affecting her ability to do basic work activities. See Monroe, 826 F.3d at 189; see also Mascio, 780 F.3d at 636 ("Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.").[5]

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 18), DENIES defendant's motion for judgment on the pleadings, (DE 20) and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further

---

[5] Although the magistrate judge provided rationale for how portions of Wisner's opinion may support the ALJ's ultimate finding that plaintiff is not disabled, it is not incumbent upon the reviewing courts to provide rationale that the ALJ should have provided in her decision. This court recently has emphasized, in a published order, that post hoc rationalization is not a proper basis to affirm an administrative decision. Stokes v. Berryhill, 294 F.Supp.3d 460, 465–66 (E.D.N.C. 2018) (citing Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983)).

proceedings in accordance with the reasons set forth above. The clerk is DIRECTED to close this case.

SO ORDERED this the 21st day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge